**JS-6**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 17-2101 PA (ASx) | Date | March 21, 2017 |
|---|---|---|---|
| Title | Doug Adler v. ESPN Productions, Inc., et al. | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| V.R. Vallery | Not Reported | N/A |
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:** IN CHAMBERS - COURT ORDER

Before the Court is a Notice of Removal filed by defendant ESPN Productions, Inc. ("ESPN"). In its Notice of Removal, ESPN asserts that this Court has jurisdiction over the action brought against it and co-defendants Mark Gross and Jamie Reynolds by plaintiff David Bryant ("Plaintiff") based on the Court's diversity jurisdiction. See 28 U.S.C. § 1332.

Federal courts are courts of limited jurisdiction, having subject matter jurisdiction only over matters authorized by the Constitution and Congress. See, e.g., Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377, 114 S. Ct. 1673, 1675, 128 L. Ed. 2d 391 (1994). A suit filed in state court may be removed to federal court if the federal court would have had original jurisdiction over the suit. 28 U.S.C. § 1441(a). A removed action must be remanded to state court if the federal court lacks subject matter jurisdiction. 28 U.S.C. § 1447(c). "The burden of establishing federal jurisdiction is on the party seeking removal, and the removal statute is strictly construed against removal jurisdiction." Prize Frize, Inc. v. Matrix (U.S.) Inc., 167 F.3d 1261, 1265 (9th Cir. 1999). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992).

In attempting to invoke this Court's diversity jurisdiction, Defendant must prove that there is complete diversity of citizenship between the parties and that the amount in controversy exceeds $75,000. 28 U.S.C. § 1332. To establish citizenship for diversity purposes, a natural person must be a citizen of the United States and be domiciled in a particular state. Kantor v. Wellesley Galleries, Ltd., 704 F.2d 1088, 1090 (9th Cir. 1983). Persons are domiciled in the places they reside with the intent to remain or to which they intend to return. See Kanter v. Warner-Lambert Co., 265 F.3d 853, 857 (9th Cir. 2001). "A person residing in a given state is not necessarily domiciled there, and thus is not necessarily a citizen of that state." Id. For the purposes of diversity jurisdiction, a corporation is a citizen of any state where it is incorporated and of the state where it has its principal place of business. 28 U.S.C. § 1332(c); see also Indus. Tectonics, Inc. v. Aero Alloy, 912 F.2d 1090, 1092 (9th Cir. 1990).

**JS-6**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 17-2101 PA (ASx) | Date | March 21, 2017 |
|---|---|---|---|
| Title | Doug Adler v. ESPN Productions, Inc., et al. | | |

In support of its allegations that the Court possesses diversity jurisdiction, the Notice of Removal alleges: "Upon information and belief, Plaintiff is and at all material times was a citizen and resident of the State of California." (Notice of Removal ¶ 8.) The Notice of Removal additionally alleges the co-defendants Mark Gross and Jamie Reynolds are "resident[s] of and ][are] domiciled in the State of Connecticut" and are therefore citizens of Connecticut. (Notice of Removal ¶¶ 11-12.) The Notice of Removal's allegations, alleged on information and belief, are insufficient to establish the citizenship of Plaintiff, Mr. Gross, or Mr. Reynolds for purposes of the Court's diversity jurisdiction. "Absent unusual circumstances, a party seeking to invoke diversity jurisdiction should be able to allege affirmatively the actual citizenship of the relevant parties." Kanter, 265 F.3d at 857; Bradford v. Mitchell Bros. Truck Lines, 217 F. Supp. 525, 527 (N.D. Cal. 1963) ("A petition [for removal] alleging diversity of citizenship upon information and belief is insufficient."). As a result, Defendants' allegations are insufficient to invoke this Court's diversity jurisdiction.

In addition to ESPN's failure to properly allege the Court's subject matter jurisdiction, the Notice of Removal is also procedurally defective because neither Mr. Gross nor Mr. Reynolds have joined in the Notice of Removal and ESPN has failed to explain their absence. All proper defendants in an action must join or consent to a notice of removal. 28 U.S.C. § 1446(a); Prize Frize, Inc. v. Matrix (U.S.) Inc., 167 F.3d 1261, 1266 (9th Cir. 1999), superseded by statute on other grounds as stated in Abrego Abrego v. Dow Chem. Co., 443 F.3d 676, 681 (9th Cir. 2006) (noting that jurisdiction under Class Action Fairness Act does not require joinder of all defendants); Parrino v. FHP, Inc., 146 F.3d 699, 703 (9th Cir. 1998) ("[A]ll defendants must join a notice of removal.") (internal citation omitted). "Where fewer than all the defendants have joined in a removal action, the removing party has the burden under section 1446(a) to explain affirmatively the absence of any co-defendants in the notice for removal." Prize Frize, 167 F.3d at 1266. A removing defendant must exercise due diligence to ascertain if other defendants have been served, and simply checking if a proof of service has been filed with in the state court is insufficient. See, e.g., Pianovski v. Laurel Motors, Inc., 924 F. Supp. 86, 87 (N.D. Ill. 1996).

Here, ESPN's Notice of Removal does not include any discussion concerning the absence of a joinder by the co-defendants or any reason why their joinder in the Notice of Removal is not necessary. Indeed, even allegations concerning the status of other defendants made on information and belief are insufficient to support a removal. See Valdez v. Allstate Ins. Co., 372 F.3d 1115, 116-17 (9th Cir. 2004); Prize Frize, 167 F.3d at 1266 (finding Notice of Removal which alleged that the removing defendants "have been informed and believe that many of the other defendants . . . have not been properly served in this matter" was facially deficient); Riggs v. Plaid Pantries, Inc., 233 F. Supp. 2d 1260, 1267 (D. Ore. 2001); Anne Arundel County v. United Pac. Ins. Co., 905 F. Supp. 277, 279 (D. Md. 1995) (finding that statement "'upon information and belief [that non-removing defendant] does not object to this Petition for Removal' . . . is not sufficient . . . to satisfy the requirements of § 1446").

The Court therefore concludes that ESPN's failure to affirmatively explain the absence of the other defendants renders the Notice of Removal procedurally defective. See 28 U.S.C. § 1446(a); Prize

**JS-6**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 17-2101 PA (ASx) | Date | March 21, 2017 |
|---|---|---|---|
| Title | Doug Adler v. ESPN Productions, Inc., et al. | | |

Frize, 167 F.3d at 1266. Although the Court would normally stay an order remanding an action based on a procedural defect for a short period of time to provide Plaintiff with an opportunity to object to the remand and waive the procedural defect, because ESPN has also failed to satisfactorily establish the Court's subject matter jurisdiction, the Court will not stay the remand. Accordingly, this Court remands this action to Los Angeles Superior Court, Case No. BC650526 for lack of federal subject matter jurisdiction. See 28 U.S.C. § 1447(c).

IT IS SO ORDERED.